**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

JOY E. STOTTS, *substituted as legal representative of the estate of Timothy Byrnes (deceased)*,

    Plaintiff,

v.    Civ. No. 17-416 GJF

ANDREW SAUL, *Commissioner of Social Security*,

## ORDER GRANTING § 406(b) ATTORNEY FEES

THIS MATTER is before the Court on Plaintiff's "Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b), With Supporting Memorandum" [ECF 27] ("Motion"). The matter is fully briefed. *See* ECF 29 (Commissioner's Response).[1] For the reasons stated below, the Court will **GRANT** Plaintiff's Motion.

### I.    BACKGROUND

In November 2017, this Court granted Defendant's unopposed motion to remand this case for further administrative proceedings and entered final judgment. ECFs 23, 24. In August 2018, the Administrative Law Judge issued a final decision in favor of Plaintiff,[2] awarding Plaintiff past-due benefits of $83,505. Mot. 3; ECF 27-1. From these benefits, the Social Security Administration transferred to Plaintiff's counsel "attorney fees of $6,000 under [42 U.S.C. 406(a)]" (minus a $95 "user fee") in June 2019 for legal services rendered before it. ECF 27-2; Mot. 1. Shortly thereafter, Plaintiff's counsel filed the instant Motion, asking this Court to

---

[1] Plaintiff's failure to file a reply "constitutes consent that briefing on the motion is complete." D.N.M.LR-Civ. 7.1(b); *see also id.* at 7.4(e) (requiring the movant, "[u]pon completion of briefing," to "file a notice certifying that the motion is ready for decision").

[2] The original Plaintiff, Mr. Timothy Byrnes, died on September 9, 2018. *See* ECF 28. Consequently, his sister and legal representative, Ms. Joy E. Stotts, was substituted as Plaintiff. *See* ECF 30 (Order Granting Substitution of Plaintiff).

authorize "attorney fees [under § 406(b)] . . . in the amount of $5,925.00 for legal services rendered before this Court." *Id.* If the Court authorizes such fees, which would also be paid from Plaintiff's past-due benefits, Plaintiff's counsel will then transfer to Plaintiff a separate Equal Access to Justice Act ("EAJA") fee of $1,587.60, which was paid to plaintiff counsel from the agency's funds. Mot. 2.[3]

In support of this Motion, Plaintiff's counsel submitted an affidavit in which he affirms that (1) he has represented plaintiff since January 2014; (2) he has extensive experience in handling such Social Security cases (e.g., having represented over 10,000 clients in such cases since 1981); (3) he has spent 8.2 hours performing legal service on behalf of Plaintiff "in the United States District Court;" and (4) his firm—which has "limited its practice to Social Security disability since 1988"—does not do hourly work for such cases. ECF 27-3. Instead, the "fee agreement" in this case was "contingent upon success." Mot. 4.

## II. LEGAL STANDARD

"Federal law regulates the fees that attorneys may charge Social Security claimants for representation before [1] the Social Security Administration and [2] a reviewing court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 519 (2019) (citations omitted). Specifically, "[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings [and] § 406(b) controls fees for representation in court." *Id.* at 520 (quoting *Gisbrecht v. Barnhart*, 535 U. S. 789, 794 (2002)); *see also McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (noting that "each authority sets

---

[3] Plaintiff's counsel intends to subtract from this reimbursement the City of Albuquerque's gross receipts (sales) tax of $931.61 (calculated by assessing 7.875 percent of the $11,830 in total fees ($5,905 + $5,925) that counsel will receive from Plaintiff's past-due benefits). *Id.*; *see also* Albuquerque Economic Development – Tax Structure, available at www.abq.org/taxes.aspx (noting that "[i]n almost every case the business passes along [this] tax to the consumer"). Plaintiff's counsel also intends to subtract from this reimbursement "advanced costs" of $207.11. Mot. 2.

fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court").

Under § 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee" for the attorney who represented that claimant before the court, provided that the fee is "not in excess of 25 percent of the total of the past-due benefits" resulting from the judgment. § 406(b)(1)(A); *see also Culbertson*, 139 S. Ct. at 523 (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)"); *Gisbrecht*, 535 U. S. at 807 (observing that "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered").

The Supreme Court has held "§ 406(b) does not displace contingent-fee agreements," noting that such agreements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* Instead, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* And the reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). In making such a determination, a court may therefore consider factors such as (1) whether the "representation [was] substandard," (2) whether "the attorney [was] responsible for any delay," and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case," for example by amounting to a "windfalls for lawyers" *Id.* (quotation marks and citations omitted). Because "district courts are accustomed to making reasonableness determinations in a wide variety of contexts, . . . their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.*

Finally, under a separate statute, the EAJA, 28 U.S.C. § 2412, "a successful Social Security benefits claimant[] may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)).[4] "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (quotation marks and citation omitted).

## III. ANALYSIS

In performing under 42 U.S.C. § 406(b) its "independent check" of the fee arrangement, the Court finds that Plaintiff's counsel has "show[n] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U. S. at 807. First, the proposed fee of $5,925 is only 7.1 percent of the $83,505 in past-due benefits—an amount that is well below "the 25 percent boundary." *Id.* Second, the Court is aware of no evidence indicating that counsel's representation was "substandard" or that counsel was responsible for any unwarranted delay. *Id.* at 808. Third, although this fee translates into an hourly rate of $722.56, such a computed hourly fee rate is not the determining factor—as the Supreme Court explicitly rejected the "lodestar method" for calculating such fees, under which "the number of hours reasonably devoted to each case was multiplied by a reasonable hourly fee." *Id.* at 797-98. Instead, the question is whether the "fee sought is reasonable for the services rendered." *Id.* at 807. Consequently, this Court finds that a $5,925 fee for 8.2 hours of highly professional and efficient representation—which resulted in an overall award of $83,505 in past-due benefits and which was based on a contingency agreement

---

[4] *See also McGraw*, 450 F.3d at 497 (noting that "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded" and that "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds" (quotation marks and citation omitted) (brackets in original)).

4

(and the significant risks it presented to counsel)—is reasonable and not so "large in comparison to the amount of time counsel spent on the case [such that] a downward adjustment is . . . in order." *Id.* at 808.

Finally, because Plaintiff's counsel will have received both EAJA and § 406(b) fees, he must "refund to the claimant the amount of the smaller fee," which in this case is the EAJA fee of $1,587.60. *Id.* at 796. Plaintiff intends to subtract $931.61 in taxes and $207.11 in "advanced costs" from this refunded amount, and the Court finds that such reductions are appropriate if Plaintiff had previously agreed to pay for these items.[5]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED**. Plaintiff's counsel is thus authorized attorney fees under 42 U.S.C. § 406(b) in the amount of $5,925.00.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall directly refund to Plaintiff the $1,587.60 in EAJA fees, minus the taxes and costs that Plaintiff had previously agreed to pay.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[5] *See* Resp. 3 (Commissioner stating that it "is not aware of any authority for such reduction, but submits that the appropriateness of such reductions could depend on the fee agreement Plaintiff's counsel has with Plaintiff"); *Reinert v. Berryhill,* Civ. No. 14-0381 LAM, 2017 U.S. Dist. LEXIS 26949, at *7-8 (D.N.M. Feb. 27, 2017) (finding no affirmative authority for authorizing such reductions from the refunding of EAJA fees); *Griego v. Colvin*, Civ. No. 14-446-WPL, 2017 U.S. Dist. LEXIS 17804, at *7 (D.N.M. Feb. 8, 2017) (authorizing such reductions); *Hawthorne v. Colvin*, Civ. No. 13-1030-WPL, 2016 U.S. Dist. LEXIS 143466, at *8 (D.N.M. Oct. 17, 2016) (same); *Feldbusch v. SSA*, Civ. No. 10-01081-MV/WDS, 2014 U.S. Dist. LEXIS 190276, at *5 (D.N.M. Feb. 7, 2014) (same).